IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEITH L. CRAWFORD,

    Petitioner,

v.                                                      CASE NO. 25-3059-JWL

DAN SCHNURR, Warden,

    Respondent.

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed by Petitioner and state prisoner Keith L. Crawford on the court-approved form for seeking relief under 28 U.S.C. § 2241. (Doc. 1.) The Court has conducted an initial review of the petition (Doc. 1) under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[1] and, for the reasons explained below, the Court concludes that this matter is subject to dismissal in its entirety. The Court will grant Petitioner the opportunity to show cause why this matter should not be dismissed.

**I. Background**

Petitioner previously filed in this Court a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Crawford v. Kansas*, Case No. 24-3196-JWL. The Court dismissed that case for lack of jurisdiction because it was an unauthorized second or successive petition. *Id*. at Doc. 7. The Court found that a prior petition filed in September 2013, was denied on its merits in September 2015 by United States Senior District Judge Sam A. Crow. *Id*. at 3 (citing *Crawford v. Kansas*, Case No. 13-3164-SAC, Doc. 32, 2015 WL 5125467 (D. Kan. Sept. 1, 2015)). The Court noted that Petitioner sought to appeal the decision in Case No. 13-3164, but the Tenth Circuit

---

[1] Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241.

held that it lacked jurisdiction over the appeal because the notice of appeal was not timely filed. *Id*.

In dismissing Petitioner's prior petition in Case No. 24-3196, the Court advised Petitioner that if he wished to pursue federal habeas relief related to his 1997 convictions, he must obtain authorization to do so from the Tenth Circuit before filing a petition in this Court. *Id*. at 5. Petitioner moved for authorization, and on January 10, 2025, the Tenth Circuit entered an Order denying authorization because: 1) Petitioner failed to show that an affidavit from Kareem Hendrix could not have been discovered earlier through due diligence; and 2) Mr. Hendrix's testimony would not have prevented any reasonable juror from voting to convict. *Id*. at Doc. 10.

Petitioner filed the current petition for habeas relief on April 1, 2025, using the form petition for a writ of habeas corpus sought under 28 U.S.C. § 2241.[2] (Doc. 1.)  Plaintiff's current petition also attacks his 1997 conviction, arguing a violation of his Sixth Amendment right to counsel, bias and conflict of interest by the state court judge, and that the state judge assumed the role of prosecutor. *Id*. Petitioner's request for relief seeks to have Kareem L. Hendrix testify and then "vacate sentence and conviction." *Id*. at 7.

## Analysis

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) of those Rules authorizes this Court to apply Rule 4 to federal habeas petitions brought under 28 U.S.C. § 2241. The Court has conducted a preliminary review

---

[2] Petitioner checked the box for "yes" under the section of the petition dealing with motions under 28 U.S.C. § 2255. To the extent that Petitioner alleges that this action is one seeking relief under 28 U.S.C. § 2255, that statute is limited by its own language to prisoners in federal custody. Since Petitioner is in state custody, he is not entitled to relief under § 2255.

2

of the petition and finds that despite being filed on the form for petitions seeking relief under § 2241, this matter does not allege any grounds upon which relief could be granted under that statute.

As Petitioner is aware, any challenge to the validity of state-court convictions and/or sentences must be brought under 28 U.S.C. § 2254. *See Leatherwood v. Allbaugh*, 861 F.3d 1034, 1041 (10th Cir. 2017) (holding that a challenge to the execution of a sentence may be brought under § 2241 but a challenge to the validity of a sentence must be brought under § 2254). Thus, although Petitioner has utilized the court-approved forms for a § 2241 petition, it appears that he seeks relief only available under § 2254. And it would do no good for the Court to recharacterize this matter as a petition for relief under § 2254 because Petitioner has already pursued a § 2254 petition challenging his 1997 convictions and this Court found that his petition in Case No. 24-3196 was successive.

Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief that is based on a claim that a state conviction or sentence is unconstitutionally invalid, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, if the Court were to recharacterize this matter as one seeking relief under § 2254, it would be an unauthorized second or successive petition over which this Court would lack jurisdiction.

In summary, when the Court conducts the required Rule 4 review, it is apparent that the grounds for relief asserted in this matter challenge the validity of Petitioner's 1997 conviction and sentence. As such, it fails to state a ground on which relief can be granted under 28 U.S.C. § 2241.

Rather, such a claim must be brought under 28 U.S.C. § 2254.  Because Petitioner has already pursued a § 2254 challenge to the validity of this conviction through disposition on its merits, if he wishes to proceed in another such challenge, he must first obtain the authorization of the Tenth Circuit.  Accordingly, whether treated as a petition brought under § 2241 or § 2254, this matter is subject to dismissal in its entirety.

The Court will grant Petitioner the opportunity to show cause, in writing, why this matter should not be dismissed for the reasons stated above.  Any response to this order must be filed on or before May 1, 2025.  If Petitioner timely files a response and the Court concludes that the matter may proceed, the Court will issue further orders as necessary.  If Petitioner fails to timely file a response, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **May 1, 2025,** in which to show good cause, in writing to the undersigned, why this matter should not be dismissed for failure to state a claim on which federal habeas relief can be granted.

**IT IS SO ORDERED**.

**Dated April 2, 2025, in Kansas City, Kansas.**

S/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**