# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KEITH L. CRAWFORD,

      Petitioner,

      v.                                      CASE NO. 25-3059-JWL

DAN SCHNURR, Warden,

      Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed by Petitioner and state prisoner Keith L. Crawford on the court-approved form for seeking relief under 28 U.S.C. § 2241. (Doc. 1.)   The Court conducted an initial review of the petition (Doc. 1) under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[1] and entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC"), granting Petitioner the opportunity to show cause why this matter should not be dismissed. This matter is before the Court on Petitioner's response (Doc. 4).

Petitioner previously filed in this Court a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254.   *See Crawford v. Kansas*, Case No. 24-3196-JWL.   The Court dismissed that case for lack of jurisdiction because it was an unauthorized second or successive petition.   *Id.* at Doc. 7.   The Court found that a prior petition filed in September 2013, was denied on its merits in September 2015 by United States Senior District Judge Sam A. Crow.   *Id.* at 3 (citing *Crawford v. Kansas*, Case No. 13-3164-SAC, Doc. 32, 2015 WL 5125467 (D. Kan. Sept. 1, 2015)).   The Court noted that Petitioner sought to appeal the decision in Case No. 13-3164, but the Tenth Circuit

---

[1] Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241.

held that it lacked jurisdiction over the appeal because the notice of appeal was not timely filed. *Id*.

In dismissing Petitioner's prior petition in Case No. 24-3196, the Court advised Petitioner that if he wished to pursue federal habeas relief related to his 1997 convictions, he must obtain authorization to do so from the Tenth Circuit before filing a petition in this Court. *Id*. at 5. Petitioner moved for authorization, and on January 10, 2025, the Tenth Circuit entered an Order denying authorization because: 1) Petitioner failed to show that an affidavit from Kareem Hendrix could not have been discovered earlier through due diligence; and 2) Mr. Hendrix's testimony would not have prevented any reasonable juror from voting to convict. *Id*. at Doc. 10.

Petitioner filed the current petition for habeas relief on April 1, 2025, using the form petition for a writ of habeas corpus sought under 28 U.S.C. § 2241.[2] (Doc. 1.)  Plaintiff's current petition also attacks his 1997 conviction, arguing a violation of his Sixth Amendment right to counsel, bias and conflict of interest by the state court judge, and that the state judge assumed the role of prosecutor. *Id*.  Petitioner's request for relief seeks to have Kareem L. Hendrix testify and then "vacate sentence and conviction." *Id*. at 7.

The Court held in the MOSC that despite being filed on the form for petitions seeking relief under § 2241, this matter does not allege any grounds upon which relief could be granted under that statute.  The Court noted that as Petitioner is aware, any challenge to the validity of state-court convictions and/or sentences must be brought under 28 U.S.C. § 2254. *See Leatherwood v. Allbaugh*, 861 F.3d 1034, 1041 (10th Cir. 2017) (holding that a challenge to the execution of a sentence may be brought under § 2241 but a challenge to the validity of a sentence must be brought

---

[2] Petitioner checked the box for "yes" under the section of the petition dealing with motions under 28 U.S.C. § 2255. To the extent that Petitioner alleges that this action is one seeking relief under 28 U.S.C. § 2255, that statute is limited by its own language to prisoners in federal custody. Since Petitioner is in state custody, he is not entitled to relief under § 2255.

under § 2254).   Thus, although Petitioner utilized the court-approved form for a § 2241 petition, he seeks relief only available under § 2254.   The Court found in the MOSC that it would do no good for the Court to recharacterize this matter as a petition for relief under § 2254 because Petitioner has already pursued a § 2254 petition challenging his 1997 convictions and this Court found that his petition in Case No. 24-3196 was successive.

Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained."  *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013).   Before a petitioner may proceed in a second or successive application for habeas corpus relief that is based on a claim that a state conviction or sentence is unconstitutionally invalid, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his response, Petitioner continues to attack his sentence.   (Doc. 4, at 1–3.)   He does not dispute that the relief he is seeking is only available under § 2254.   Instead, he asks this Court to transfer this case to the appropriate court.  *Id*. at 3.   Before a petitioner may file a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).   Where a petitioner fails to obtain the prior authorization, a federal district court must dismiss the matter or, if "it is in the interest of justice to do so," transfer the petition to the court of appeals under 28 U.S.C. § 1631 for possible authorization.  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

Factors the Court considers when deciding whether a transfer is in the interest of justice include "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *Id.* (citing

*Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006)).   The Tenth Circuit has suggested that because the authorization requirement is now well established, a district court might conclude that an unauthorized filing was not made in good faith, especially where courts have repeatedly explained to a particular petitioner that he or she must first seek authorization from the Tenth Circuit before filing a second or successive petition in this court. *See id.* (citing *Trujillo*, 465 F.3d at 1223 n. 16.).

The Court finds that it would not be in the interest of justice to transfer the petition to the court of appeals.   Petitioner has previously been advised that he must first seek authorization from the Tenth Circuit, and he has already been denied authorization to file a successive petition regarding his 1997 conviction and sentence.   Therefore, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed without prejudice.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."   The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241.   *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   The failure to satisfy either prong requires the denial of a COA.   *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of

appealability.

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied** and this action is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that no certificate of appealability will issue.

**IT IS SO ORDERED**.

**Dated April 11, 2025, in Kansas City, Kansas.**

S/   John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**